# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **DAVID L. JOHNSON,**<br><br>　　　　**Plaintiff,**<br><br>v.<br><br>**S & S CORP. INC.**<br>**C/O CORPORATE COST CONTROL**<br><br>　　　　**Defendant.** | Civil Action No. _____<br><br>NOTICE OF REMOVAL |

TO:   The Honorable Judges of the
　　　United States District Court
　　　District of Massachusetts

　　　Petitioner The Stop & Shop Supermarket Company LLC ("Stop & Shop" or "Defendant") (improperly named in the Complaint as "S & S Corp. Inc. c/o Corporate Cost Control"), Defendant in the above entitled action, states:

　　　1.　　Defendant desires to exercise rights under the provisions of 28 U.S.C. § 1441, *et seq.*, to remove this action from the District Court of the Commonwealth of Massachusetts, Fall River Division, in which said cause is now pending under the name and style *David L. Johnson v. S & S Corp. Inc. c/o Corporate Cost Control*, Civil Action No. 1332cv183.  Defendant was served a Summons and a copy of a Complaint in this action on or about August 6, 2013.  A copy of the Summons and Complaint and all other papers received in this case to date are attached hereto as Exhibit A.

　　　2.　　Plaintiff's Complaint alleges that the Defendant wrongfully terminated his employment by discharging him for consuming, possessing or being under the influence of drugs on company premises.  It further alleges that the Executive Office of Labor and Workforce

Development Board of Review erred in denying Plaintiff unemployment benefits.  As noted in the Complaint, Plaintiff was a member of a union, Teamsters Local 25, whose employment was governed by a Collective Bargaining Agreement between his union and Defendant.  Resolution of this action in whole or in part requires an interpretation and application of the Collective Bargaining Agreement.  Thus, the state action is one which is completely preempted and displaced by Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185.  Accordingly, this Court has original jurisdiction over the Complaint pursuant the provisions of 28 U.S.C. § 1331 and is one which may be removed to this Court by the Defendants herein pursuant to the provisions of 28 U.S.C. § 1441.

3. Defendant is filing this Notice within thirty (30) days of service of the Summons and Complaint, as required by 28 U.S.C. § 1446.

4. Defendant will file a Notice to Plaintiff of filing of this Notice of Removal (attached hereto as <u>Exhibit B</u>) and a copy of the Notice of Removal with the Clerk, District Court of the Commonwealth of Massachusetts, Fall River Division, pursuant to 28 U.S.C. § 1446(d) (attached hereto as <u>Exhibit C</u>).

WHEREFORE, Defendant prays that the above action now pending against it in the District Court of the Commonwealth of Massachusetts, Fall River Division, be removed therefrom to this Court.

Respectfully submitted,

THE STOP & SHOP SUPERMARKET
COMPANY LLC

By its attorneys,


___/s/ *Sean P. O'Connor*_____
Joseph P. McConnell, BBO # 566412
Sean P. O'Connor, BBO # 673835
Morgan, Brown & Joy, LLP
200 State Street, 11th Floor
Boston, MA 02109-2605
Phone: (617) 523-6666
Fax: (617) 367-3125
jmcconnell@morganbrown.com
soconnor@morganbrown.com

Dated: August 26, 2011

## CERTIFICATE OF SERVICE

       I hereby certify that a copy of the foregoing document was served upon the Plaintiff, David L. Johnson, 945 Walnut Street, Fall River, MA 02720-5326 by first-class U.S. mail this 26th day of August 2013.

___/s/ *Sean P. O'Connor*_____
Sean P. O'Connor