# TRIAL COURT OF THE COMMONWEALTH
## DISTRICT COURT DEPARTMENT

BRISTOL,ss                                          FALL RIVER DIVISION

Civil Action No. **1332CV183**

**SUMMONS**
(Rule 4)

To defendant, **Corporation Service Company c/o STS Corp., Inc.** (name), **84 State St. Boston, MA 02109** (address).

You are hereby summoned and required to serve upon **David L. Johnson**, Plaintiff('s Attorney), whose address is **945 Walnut, Fall River**, a copy of your answer to the complaint which is herewith served upon you, within 20 days after service of this summons, exclusive of the day of service. You are also required to file your answer to the complaint in the office of the Clerk of this court either before service upon plaintiff ('s attorney), or within 5 days thereafter. If you fail to meet the above requirements, judgment by default may be rendered against you for the relief demanded in the complaint. You need not appear personally in court to answer the complaint.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will be barred from making such claim in any other action.

WITNESS: **Gilbert J. Nadeau, Jr.**   Presiding Justice on **8/5/13**
                                                                                   Date

(SEAL)

_____ Clerk Magistrate

NOTE:
(1) When more than one defendant is involved, the names of all defendants should appear in the action. If a separate summons is used for each defendant, each should be addressed to the particular defendant.
(2) The number assigned to the complaint by the Clerk at commencement of the action should be affixed to this summons before it is served.

### RETURN OF SERVICE

On _____, I served a copy of the within summons, together with a copy of the complaint in this action, upon the within named defendant, in the following manner (see Rule 4 (d) (1-5):

_____
(Signature)

_____
(Name and Title)

_____
(Address)

Note:
(1) The person serving the process shall make proof of service thereof in writing to the court and to the party or his attorney, as the case may be, who has requested such service. Proof of service shall be made promptly an in any event within the same time during which the person served must respond to the process. Rule 4(i)
(2) Please place dates you make service on defendant in the box on the copy served on the defendant, on the original returned to the court and on the copy returned to the person requesting service or his attorney.
(3) If service is made at the last and usual place of abode, the officer shall forthwith mail first class a copy of the summons to such last and usual place of abode, and shall set forth in the return the date of mailing and the address to which the summons was sent (G.L.c.223§31)

COMMONWEALTH OF MASSACHUSETTS

Bristol, ss                                    Bristol County Court Department
                                               Of the Trial Court

                                               13 80 CV1 83

| | |
|---|---|
| David L. Johnson, ) | |
|     Plaintiff ) | |
| v. ) | Complaint and Jury Demand |
| S & S Corp., Inc ) | |
| C/O Corporate Cost Control ) | |
|     Defendant ) | |

FALL RIVER
DISTRICT COURT
FILED
FEB 26

## Complaint

1. The Plaintiff David L. Johnson appeals the judgment of the Executive Office of Labor and Workforce Development Board of Review (BOR) subject to G.L. c. 151A, § 42. The Plaintiff seeks that reinstatement of his Unemployment benefits, as well as any withheld benefits that would have been paid out between December 20, 2011 through to final Judgment be rendered. The plaintiff also, disputes the cause for termination and seeks monies amounting to the benefits withheld due to wrongful termination.

## Parties

2. The Plaintiff, David L. Johnson, is a former employee of S&S Credit Co., Inc., residing at 945 Walnut Street, Fall River, Bristol County, Massachusetts.

3. The Defendant, S&S Credit Co., Inc. is a company doing business in Massachusetts Operating Stop and Shop Warehouse located at 136 South Main Street, Assonet, Massachusetts 02702.

## Facts

4. The Plaintiff worked for the employer as a selector where he was employed at this location from January 23, 2006 until termination on December 20, 2011.

5. The Plaintiff was terminated for allegedly consuming and being under the influence of drugs on company premises.

6. On or about November 2, 2011 the Plaintiff was working for the employee, where he performed his duties adequately until his 7:30 p.m. break.

7. On or about November 2, 2011 at approximately 7:30 p.m. the Plaintiff was on the way to his vehicle in the parking lot during his break, and a co-worker who was in the car called the plaintiff over. The co-worker had recently been to the Bahamas and had purchased some flavored cigars and wanted the Plaintiff to try one. The plaintiff got in the vehicle and they both smoked the cigars.

8. On or about November 2, 2011 at approximately 7:30 p.m. the security supervisor was reviewing surveillance videotape and observed the claimant and another worker sitting in a vehicle parked in a company parking lot smoking "something". The security supervisor called another manager to come and review the video.

9. The video cameras are placed on the outside of the building into the parking lot.

10. The Plaintiff's immediate supervisor observe red the video tape and the Plaintiff and another on duty employee sitting in the front seat of a vehicle passing something back and forth and smoking[.] *[H]e could not tell if it was cigarette, cigar, or joint.*

11. When the Plaintiff and the co-worker came back into the building they were questioned and the Plaintiff indicated they were smoking a cigar.

12. The supervisor smelled what he presumed was Marijuana around the Plaintiff and the co-worker. He determined their movement and speech to be slower than usual.

13. The Plaintiff and the co-worker were informed that the supervisor suspected them of using marijuana and for this reason they were going to be sent for a drug/alcohol test.

14. The Plaintiff and the other worker were placed in separate cabs and sent to the local hospital for the testing. The Supervisor and the security representative met them at the hospital. At the hospital the Plaintiff gave a urine sample which he was asked to I.D. and he took a breathalyzer test. The urine test was sent to a National diagnostics, incorporated laboratory which is certified by the laboratory Corporation of America.

15. The Plaintiff and the co-worker were suspended until further notice.

16. The Plaintiff tested positive for cannabinoids.

17. The Plaintiff smoked marijuana the night before the test while he was off work.

18. The Plaintiff was terminated based on his past record and the final drug test results.

19. The Plaintiff as a member of Local 25 grieved his termination and at the time of the hearing the termination has been upheld through the grievance process.

20. The Plaintiff applied for Unemployment benefits as entitled to him under G.L. c. 151A.

21. The Employer contested the benefit.

22. Upon review by Kathleen Della Penna, a review examiner of the Department of Unemployment Assistance, the Plaintiff was awarded benefits.

23. The examiner concluded the employer failed to meet their Burden of Proof; they failed to present substantial and creditable evidence required to show that the Plaintiff acted in deliberate misconduct in willful disregard of his employment

24. The employer appealed the decision, but failed to rebut with further evidence.

25. The Executive Office Labor and Workforce Development Board of Review reviewed the facts found on record in accordance with G.L c. 151A, § 41, and reversed.

26. Facts 1-24 are stipulated in the Board of Review Decision under Hearing Docket # 603457, Appeal # BR-123881-A dated January 29, 2013.

## Count I

27. The Plaintiff disputes the reversal decision made by the BOR. The BOR concluded the review examiner made an error when she determined that the employer proved that the employee acted in conduct rising to the level described under G.L. c. 151A, § 25 (e) (2). The facts as founded in the record do not support the BOR conclusion. The employer bore the burden to prove that the employee acts presented deliberate misconduct in willful disregard of the employing interest. The facts as presented fails to satisfy that burden. The facts as presented merely shows an employee during his assigned break period smoking what was acknowledged in the fact finding to be a tobacco product. The

employer chose to conduct a drug test. The drug test merely concluded that Plaintiff has drug problem, which he acknowledge and sought treatment. A drug problem where the substance remains in the blood and urine stream of periods greater than 30-days. The employer could have exercised further fact finding to satisfy this accusation such as presenting testimony/affidavit from a direct witness, the Plaintiffs co-worker that he shared a cigar with in the said incident, they failed to do so.

### Count II

28. The Plaintiff seeks remedies due to wrongful termination. The employer states that the employee was discharged for consuming, possessing or being under the influence of drugs on company premises. Since, the employer failed to prove that the employee consumed Marijuana while on the premises, the termination is not valid.

### Demand for Relief

A. On Count and Count II order the Defendant to pay to the Plaintiff such damages in an amount to be determined at trial;
B. On Count I order that the Department of Unemployment to reinstatement benefits, and pay back withholdings
C. On Count I and Count II order the Defendant to pay the costs and reasonable attorney fees of the Plaintiff in bringing this action;
D. Grant such further relief as may be equitable and just.

### Jury Claim

The Plaintiff claims a trial by jury on all issues so triable.

Respectfully Submitted,
David L. Johnson,
Pro Se Litigant,

Dated: February 25, 2013



THE COMMONWEALTH OF MASSACHUSETTS

EXECUTIVE OFFICE OF LABOR AND WORKFORCE DEVELOPMENT
BOARD OF REVIEW

Charles F. Hurley Building · 19 Staniford Street · Boston, MA 02114
Tel. (617) 626-6400 · Fax (617) 727-5874

13DCV183

DEVAL L. PATRICK
GOVERNOR

TIMOTHY P. MURRAY
LT. GOVERNOR

JOANNE GOLDSTEIN
SECRETARY

JOHN A. KING, ESQ.
CHAIRMAN

SANDOR J. ZAPOLIN
MEMBER

STEPHEN M. LINSKY, ESQ.
MEMBER

# BOARD OF REVIEW DECISION

In the matter of: Appeal number: BR-123881-A

**CLAIMANT:**
David L. Johnson
945 Walnut Street
Fall River, MA 02720-5326

**EMPLOYING UNIT APPELLANT:**
S&S Credit Co., Inc.
c/o Corporate Cost Control
P.O. Box 1180
Londonderry, NH 03053

S.S. # XXX-XX-5380
Hearings Docket # 603457

EMP. # 00-204101

## Introduction and Procedural History of this Appeal

The employer appeals a decision by Kathleen Della Penna, a review examiner of the Department of Unemployment Assistance (DUA), to award unemployment benefits. We review, pursuant to our authority under G.L. c. 151A, § 41, and reverse.

The claimant was discharged from his position with the employer on December 20, 2011. He filed a claim for unemployment benefits with the DUA, which was approved in a determination issued on January 13, 2012. The employer appealed the determination to the DUA hearings department. Following a hearing on the merits, attended by both parties, the review examiner affirmed the agency's initial determination and awarded benefits in a decision rendered on July 25, 2012. We accepted the employer's application for review.

Benefits were awarded after the review examiner determined that the claimant did not engage in deliberate misconduct in wilful disregard of the employer's interest and, thus, was not disqualified, under G.L. c. 151A, § 25(e)(2). After considering the recorded testimony and evidence from the hearing, the review examiner's decision, and the employer's appeal, we afforded the parties an opportunity to submit written reasons for agreeing or disagreeing with the decision. Neither party responded. Our decision is based upon our review of the entire record, including the recorded testimony and evidence from the hearing, the review examiner's decision, and the employer's appeal.

# COMMONWEALTH OF MASSACHUSETT

## GENERAL LAWS CHAPTER 151A, SECTION 42

### APPEALS TO THE COURTS

"The commissioner or any interested person aggrieved by any decision in any proceeding before the board of review may obtain judicial review of such decision by commencing within thirty days of the date of mailing of such decision, a civil action in the district court within the judicial district in which he lives, or is or was last employed, or has his usual place of business, and in such proceeding, every other party to the proceeding before the board shall be made a defendant. If an appeal to the board of review is deemed denied pursuant to subsection (a) of section forty-one because the board failed to act upon such appeal, judicial review may be obtained by commencing a civil action as prescribed in the preceeding sentence, except that the time for commencing such action shall run from the date such appeal is deemed denied. The commissioner shall be deemed to have been a party to any such proceeding before the board. The complaint shall state the grounds upon which such review is sought. The plaintiff shall serve a copy of the complaint upon each defendant by registered or certified mail, return receipt requested, within seven days after commencing the action for judicial review.

The commissioner shall make every reasonable effort to file with the court a certified copy of the decision of the board of review, including all documents and a transcript of all testimony taken at the hearing before said board or the commissioner as the case may be, within twenty-eight days after service of the complaint upon the commissioner or within twenty-eight days after the commencement of the action for judicial review by the commissioner. Each defendant shall file an answer within twenty-eight days after receipt of the complaint, except that the commissioner may, by way of answer, file in court within such time period a certified copy of the record of the proceeding under review.

Except as otherwise provided in this section, or if inconsistent with the provisions of this section, such proceeding shall be governed by the Rules of Civil Procedure for the district courts and the municipal court of the city of Boston. The findings and decisions of the board shall be reviewed in accordance with the standards for review provided in paragraph (7) of section fourteen of chapter thirty A. Any proceeding under this section shall be given precedence over all other civil cases.

An appeal may be taken from the decision of the justice of the district court directly to the appeals court. Notice of appeal shall be filed in the office of the clerk of the district court within thirty days after entry of the judgment by the clerk. The completion of such appeal shall be made in accordance with the Massachusetts Rules of Appellate Procedure. Benefits shall be paid or denied in accordance with the decision of the trial court justice during the pendency of such appeal."

---

**IMPORTANT**
This notice contains information about your rights or obligations, and should be translated immediately. If you need a translator, ask for a listing of translation services at your DUA office.

**ВАЖНОЕ СООБЩЕНИЕ**
В этом сообщении содержится информация о Ваших правах и обязанностях, и оно должно быть срочно переведено Вам. Если Вам нужен переводчик, попросите список переводческих компаний в своем DUA офисе.

**IMPORTANTE**
Este aviso incluye información sobre sus derechos y obligaciones, y debe traducirse de inmediato. Si necesita un traductor, solicite el listado de servicios de traducción en la oficina de la DUA correspondiente.

**IMPORTANTE**
Questo avviso contiene informazioni sui Suoi diritti ed obblighi e deve essere tradotto immediatamente. Se ha bisogno di un traduttore, chieda l'elenco dei servizi di traduzione presso la DUA.

**IMPORTANTE**
Este comunicado contém informações sobre os seus direitos ou obrigações. Ele deve ser traduzido prontamente. Se precisar de um tradutor, solicite no escritório DUA mais próximo uma lista dos serviços de tradução.

ສຳຄັນ
ປະກາດນີ້ມີຂໍ້ມູນກ່ຽວກັບສິດຫຼືໜ້າທີ່ຂອງທ່ານ, ແລະ ຕ້ອງແປໃຫ້ທ່ານໂດຍດ່ວນ. ຖ້າທ່ານຕ້ອງການຜູ້ແປພາສາ, ໃຫ້ຂໍບັນຊີລາຍຊື່ບໍລິການແປພາສາທີ່ມີໄວ້ໃຫ້ໃນຫ້ອງການ DUA ຂອງທ່ານ.

**Nòt**
Nòt sa a genyen enfòmasyon sou dwa w oubyen obligasyon ki ou genyen, epi ou fèt pou ou fè tradwi l kounyè a. Si ou bezwen on moun ki pou tradwi pou ou, mande on lis ki genyen sèvis ki yo ofri pou tradiksyon nan biwo DUA ke ou konn ale a.

**QUAN TRỌNG**
Thông báo này bao gồm thông tin về quyền hạn hoặc trách nhiệm của quý vị và phải được thông dịch ngay. Nếu cần một thông dịch viên, hãy yêu cầu một danh sách dịch vụ thông dịch tại văn phòng DUA của quý vị.

重要
本通知包含有關閣下權利或義務的資訊, 應即刻翻譯. 如果閣下需要翻譯人員, 請到閣下的DUA辦事處要求一份翻譯社的名冊.